[Civ. No. 3096. First Appellate District, Division Two.—March 22, 1921.]

## A. RIVARA et al., Respondents, v. JOE BARTOLOZZI et al., Appellants.

[1] PARTNERSHIP — DISSOLUTION — CONDUCT OF BUSINESS AT LOSS — EVIDENCE—FINDING.—In this action to obtain a decree dissolving a partnership existing between the plaintiffs and the defendants, the written account of the financial transactions from the day the business was commenced to the day the suit was filed, which was in evidence and which showed a steady loss of over twenty dollars a day, was sufficient evidence to justify the finding of the trial court "that at all times since the commencement of said copartnership said business of said copartnership has been conducted at a great loss."

[2] ID.—LEASE PROVISIONS OF CONTRACT—TERMINATION BY JUDGMENT OF DISSOLUTION.—In such action, notwithstanding the provision in the articles of copartnership that the partnership should pay plaintiffs, who were the owners of the building in which the partnership business was to be conducted, a specified sum per month as rental and that the term of the agreement should be five years, the judgment of dissolution of the partnership had the legal effect of annulling the partnership contract and every portion thereof, including such lease provisions, and thereupon those provisions ceased to be either an asset or a liability.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco. John J. Van Nostrand, Judge. Affirmed.

The facts are stated in the opinion of the court.

Henry L. Corson for Appellants.

Arnold C. Lackenbach and Roland Beesey for Respondents.

STURTEVANT, J.—The plaintiffs commenced an action against the defendants to obtain a decree dissolving the partnership existing between the plaintiffs and the defendants. The trial court awarded the plaintiffs a decree and the defendants appealed under section 953a of the Code of Civil Procedure. In their complaint the plain-

tiffs alleged, among other grounds on which they based their right to a decree, ''that at all times since the commencement of said copartnership said business of said copartnership has been conducted at a great loss.'' These allegations were denied by the answer. A trial was had on the merits and the trial court made a finding on the above issue in favor of the plaintiffs. The defendants attack that finding as not being supported by the evidence. They also claim that the trial court did not give due consideration to their claim that the partnership was possessed of a valuable leasehold. Before we proceed to consider the point, it should be stated that the plaintiffs Mary Macchetto and A. Rivara were the owners of the building, furnishings, and supplies of a hotel, bar, and restaurant located at 426 Broadway, in San Francisco. On May 13, 1918, they and the defendants executed articles of copartnership to conduct the said business. The articles provided that the partners would pay the owners $250 per month as rental and that the term of the agreement should be five years. The defendants contend that those provisions of the instrument created a leasehold in favor of all the partners and as such it should have been treated as an asset in the dissolution proceedings.

[1] Taking up the attack on the findings, there is in the record a written account of the financial transactions from the day the business was commenced to the day the suit was filed (a period of about one hundred days), showing a loss of $2,092.08. The appellants do not quote any part of the record which tends to weaken or break down the force of this showing. A steady loss of over twenty dollars a day is certainly a sufficient showing that the finding in question has some evidence to support it.

[2] The leasehold existed, if at all, as one of the integral parts of the contract of copartnership. That contract was the very object of the attack by the plaintiffs' cause of action. The judgment in plaintiffs' favor had the legal effect of annulling the partnership contract and every portion thereof. Conceding, without deciding, that the contract was, among other things, a lease, its existence as a lease ceased the moment the contract was dissolved. Thereafter the contract was neither an asset nor a liability

—nor was any part thereof. The trial court did not err in treating the alleged lease as a nullity.

The judgment is affirmed.

Nourse, J., and Langdon, P. J., concurred.